Kenneth E. Chase (SBN 326307)
CHASE LAW & ASSOCIATES, P.A.
1141 71st Street
Miami Beach, FL 33141
Telephone: (305) 402-9800
Facsimile: (305) 402-2725
Email: kchase@chaselaw.com

*Attorneys for Plaintiff Ross Hogan*

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSS HOGAN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>HUB CYBER SECURITY, INC. f/k/a HUB Security, Inc.,<br>a California corporation,<br><br>Defendant. | Civil Action No. 23-cv-3140<br><br>COMPLAINT FOR:<br><br>1. VIOLATION OF CALIFORNIA LABOR LAW SECTION 201(A);<br>2. VIOLATION OF CALIFORNIA LABOR LAW SECTION 202 (A);<br>3. VIOLATION OF CALIFORNIA LABOR LAW SECTION 203 (A);<br>4. VIOLATION OF CALIFORNIA LABOR LAW SECTION 2802<br>5. VIOLATION OF CALIFORNIA LABOR LAW SECTIONS 202 AND 203 FOR WAITING TIME PENALTIES; and<br>6. BREACH OF CONTRACT |

## **COMPLAINT**

Plaintiff Ross Hogan files this Complaint against Defendant HUB Cyber Security, Inc. f/k/a HUB Security, Inc. In support thereof, Plaintiff states as follows:

## PARTIES

1. Plaintiff is a natural person residing in Palm Beach County, Florida.

2. Defendant is a California corporation with a principal place of business located at 8549 Wilshire Blvd, Suite 5002, Beverly Hills, California 90211.

## JURISDICTION AND VENUE

3. Diversity jurisdiction is established pursuant to 28 U.S.C. § 1332. Plaintiff is a resident of Florida. Defendant is a resident of California. Therefore, there is complete diversity between the parties pursuant to 28 U.S.C. § 1332 because Plaintiff is a citizen of Florida and Defendant is a citizen of California.

4. The amount in controversy requirements of 28 U.S.C. § 1332 are satisfied because more than $75,000 is at issue, exclusive of costs, interest, and attorneys' fees.

5. This action properly lies in the Central District of California pursuant to 28 U.S.C. § 1391(a) because the facts giving rise to this action occurred within this District, Defendant resides in this District, Defendant has substantial contacts within this District and Defendant's wrongful actions which give rise to the claims set forth herein were perpetrated in this District.

6. Venue is appropriate in this court.

7. All conditions precedent to bringing this lawsuit, if any, have occurred or have been excused or waived.

## NATURE OF THE ACTION

8. This is a claim for unpaid wages, bonuses, benefits, and reimbursable business expenses and the labor rights afforded to Plaintiff pursuant to California Labor Code (Cal. Labor Code §§ 200 et seq.).

## FACTS COMMON TO ALL COUNTS

9. Plaintiff is an executive in the technology industry.

10. Defendant is a cybersecurity service provider.

11. Plaintiff is Defendant's former employee and vice president of sales.

12. In 2022, Plaintiff applied for, and Defendant offered to Plaintiff, an executive employment position in its global sales division.

13. Plaintiff accepted the offer.

14. On November 21, 2022, Defendant hired Plaintiff as an employee with the title of Defendant's Senior Vice President of Global Sales Strategy.

15. In connection with hiring Plaintiff, and as a material inducement thereto, on November 21, 2022, Plaintiff and Defendant executed an employment agreement, a true copy of which is attached hereto as Ex. A (the "Agreement").

16. The effective date of the Agreement is November 21, 2022. Ex. A at 1.

17. Pursuant to section 2(f), the parties agreed that Plaintiff would be paid a "Retention Bonus in the amount of 75,000$ [which] will be paid after 3 months of employment."

18. Pursuant to section 2(a), titled "Annual Base Salary," the parties agreed that Plaintiff would be paid "a base salary at an annualized rate of $300,000."

19. Pursuant to section 2(f), titled "Business Expenses," Defendant agreed to reimburse Plaintiff for "all reasonable travel and other business expenses incurred by Employee in the performance of Employee's duties to the Company in accordance with the Company's expense reimbursement Policy."

20. Plaintiff was employed as Defendant's global sales strategy senior vice president for the remainder of 2022 and into 2023.

21. On January 17, 2023, a Certificate of Amendment of Articles of Incorporation with Name Change Only was filed with the California Secretary of State indicating that the corporation named HUB Security, Inc. was changed to HUB CYBER SECURITY, INC. File No. BA20230154051. All allegations herein pertaining to Defendant pertain jointly and severally to the entity HUB Cyber Security, Inc. and the entity HUB Security, Inc. to the extent that any applicable differentiation exists.

22. On January 31, 2023, Plaintiff sent an email to Defendant's chief of staff to the CEO stating as follows in relevant part:

> I am seeking your written confirmation and authorization that the 90 day Retention Bonus (as guaranteed in my employment contract) will be paid in full and in the March regular payroll. My start date was 21 November 2022, from which the 90 day date will be 19 February, 2023. The bonus, as detailed in the employment contract, is a one time payment of $75,000.00 USD. The receipt of these guaranteed payments in full and in the March payroll is critical for me as it has a direct influence on my purchase of a new home. If you would kindly respond with your confirmation and authorization, I can proceed with the new home purchase.

23. On February 1, 2023, in response to Plaintiff's email requesting confirmation of the forthcoming $75,000 retention bonus wage payment, Defendant's chief of staff to the CEO stated:

> Thank you for the reminder.

24. On February 1, 2023, in further response to Plaintiff's email requesting confirmation of the forthcoming $75,000 retention bonus wage payment, Defendant's chief of staff to the CEO copied Defendant's CFO and stated:

> Confirmed.

25. By February 21, 2023, Plaintiff had been employed by Defendant for three months. Per the parties' Agreement, on February 21, 2023, Defendant was obligated to pay Plaintiff the $75,000 retention bonus.

26. However, Defendant failed to pay Plaintiff the $75,000 retention bonus on February 21, 2023 and Defendant still has not paid Plaintiff the $75,000 retention bonus to this day.

27. Under California law, "wages" include benefits to which an employee is entitled as a part of compensation and deferred compensation.

28. Plaintiff's retention bonus is a wage under California law and Defendant's failure to pay Plaintiff's $75,000 retention bonus was a failure by Defendant to pay Plaintiff's wages.

29. In addition to its failure to pay Plaintiff's retention bonus, Defendant failed to pay Plaintiff's outstanding salary owed in the amount of $29,166.

30. Moreover, Defendant failed to pay and reimburse Plaintiff's benefits and business expenses in the amount of $9,119 as detailed in the table below.

| Date Incurred | Vendor | Amount |
| --- | --- | --- |
| 1/28/2023 | LinkedIn | $49.95 |
| 12/28/2023 | LinkedIn | $49.95 |
| 2/28/2023 | LinkedIn | $49.95 |
| 3/20/2023 | TriNet COBRA | $3,717.24 |
| 2/28/2023 | TriNet COBRA | $3,717.24 |
| 2/17/2023 | Verizon | $195.40 |
| 1/17/2023 | Verizon | $195.10 |
| 3/17/2023 | Verizon | $243.40 |
| 1/8/2023 | Xfinity | $300.55 |
| 2/8/2023 | Xfinity | $300.56 |
| 3/8/2023 | Xfinity | $300.56 |
| **TOTAL** | | **$9,119.90** |

31. On March 1, 2023, Defendant's affiliate and/or parent company, HUB Cyber Security Ltd., began trading as a public company on Nasdaq under the ticker HUBC. As of the date of this filing, HUBC had a market capitalization of approximately $110,350,000.

32. On March 8, 2023, Defendant claimed that the company is "committed to efficiency and reorganization" and Defendant provided notice that Plaintiff's employment would be terminated not for cause. Per the parties' Agreement in section 3(a), Plaintiff's employment may be terminated "with 4 weeks prior written notice."

33. Following four weeks' written notice from the March 8, 2023 date, effective April 5, 2023, Defendant involuntarily discharged Plaintiff without cause. The termination was on April 5, 2023 and April 5, 2023 was Plaintiff's separation date.

34. Defendant failed to pay the entirety of Plaintiff's $25,000 monthly salary for the month of March 2023.

35. Defendant also failed to pay Plaintiff's prorated April 2023 salary through April 5, 2023 in the prorated amount of $4,166.

36. In violation of the parties' Agreement and California law, Defendant failed to pay Plaintiff's salary from March 1, 2023 through April 5, 2023 in the amount of $29,166.67, Defendant failed to reimburse Plaintiff's expenses in the amount of $9,119, and Defendant failed to pay Plaintiff's retention bonus in the amount of $75,000, for total principal damages of $113,286. Defendant is also required to pay Plaintiff's costs, waiting time penalties, and reasonable attorneys' fees.

37. Plaintiff retained counsel and agreed to pay reasonable attorneys' fees.

## COUNT ONE - VIOLATION OF CALIFORNIA LABOR LAW SECTION 201(A)

38. Plaintiff incorporates by reference the allegations contained in paragraphs 1-37 as if fully set out herein.

39. Plaintiff was employed by Defendant as Defendant's senior vice president of global sales from November 21, 2022 through April 5, 2023 pursuant to the parties' Agreement.

40. Effective April 5, 2023, Defendant involuntarily discharged Plaintiff without cause and terminated Plaintiff's employment with Defendant.

41. Pursuant to California Labor Code Section 201(a), if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately.

42. Plaintiff's unpaid salary, unpaid benefits, retention bonus, and unpaid reimbursable business expenses were due on April 5, 2023.

43. Plaintiff's $75,000 retention bonus was due on February 21, 2023.

44. Plaintiff's unpaid salary, unpaid benefits, retention bonus, and unpaid reimbursable business expenses were earned as wages and therefore cannot be forfeited.

45. Plaintiff is entitled to recover his unpaid salary, unpaid benefits, retention bonus, and unpaid reimbursable business expenses.

46. Plaintiff is entitled to recover compensation, plus reasonable attorneys' fees and costs of suit pursuant to Labor Code Section 218.5 and Section 226.

47. Defendant knowingly and willfully failed to perform its obligations to compensate Plaintiff for all wages earned and all hours worked. As a direct result, Plaintiff has suffered, and continues to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and expenses and attorneys' fees in seeking to compel Defendant to fully perform its obligation under the law.

48. Defendant committed the acts alleged herein knowingly and willfully, with the wrongful and deliberate intention of injuring Plaintiff, with improper motives, malice, and in conscious disregard of Plaintiff's rights. Plaintiff is therefore entitled to recover nominal, actual, compensatory, and exemplary damages in amounts according to proof at the time of trial.

49. Plaintiff also seeks to recover costs, expenses, and reasonable attorneys' fees.

50. Defendant's conduct described herein violates, *inter alia,* Labor Code Sections 200, 226, 500, 1197 and/or 1198, and/or Industrial Welfare Commission Orders. Accordingly, pursuant to Labor Code Sections 218.5, 226, 558, 1194, and/or 1194.2, Plaintiff is entitled to recover damages for the nonpayment of wages in addition to penalties, reasonable attorneys' fees, expenses, and costs of suit. Plaintiff requests relief as set forth herein.

# COUNT TWO - VIOLATION OF
# CALIFORNIA LABOR LAW SECTION 202(A)

51. Plaintiff incorporates by reference the allegations contained in paragraphs 1-37 as if fully set out herein.

52. Plaintiff sets forth the allegations in this count in addition to and/or in the alternative to the allegations in the preceding count.

53. Plaintiff was employed by Defendant as Defendant's senior vice president of global sales from November 21, 2022 through April 5, 2023.

54. On April 5, 2023, Defendant and Plaintiff mutually agreed to conclude Plaintiff's employment and/or Plaintiff terminated his employment and accordingly Plaintiff's employment with Defendant terminated. This paragraph is pled in the alternative to other paragraphs pertaining to legal conclusions regarding which party, i.e., Plaintiff, Defendant or a combination of both, formally "terminated" Plaintiff's employment.

55. Pursuant to California Labor Code Section 202(a), if an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

56. Plaintiff's unpaid salary, unpaid benefits, retention bonus, and unpaid reimbursable business expenses were due on April 5, 2023.

57. Plaintiff's $75,000 retention bonus was due on February 21, 2023.

58. Plaintiff's unpaid salary, unpaid benefits, retention bonus, and unpaid reimbursable business expenses were earned as wages and therefore cannot be forfeited.

59. Plaintiff is entitled to recover his unpaid salary, unpaid benefits, retention bonus, and unpaid reimbursable business expenses.

60. As a result of Defendant's actions, Plaintiff sustained substantial damages.

61. Plaintiff is entitled to recover compensation, plus reasonable attorneys' fees and costs of suit pursuant to Labor Code Section 218.5 and Section 226.

62. Defendant knowingly and willfully refused to perform its obligations to compensate Plaintiff for all wages earned and all hours worked. As a direct result, Plaintiff has suffered, and continues to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and expenses and attorneys' fees in seeking to compel Defendant to fully perform its obligation under the law.

63. Defendant committed the acts alleged herein knowingly and willfully, with the wrongful and deliberate intention of injuring Plaintiff, with improper motives, malice, and in conscious disregard of Plaintiff's rights. Plaintiff is thus entitled to recover nominal, actual, compensatory, and exemplary damages in amounts according to proof at the time of trial.

64. Plaintiff also seeks to recover costs, expenses, and reasonable attorneys' fees.

65. Defendant's conduct described herein violates, *inter alia,* Labor Code Sections 200, 226, 500, 1197 and/or 1198, and/or Industrial Welfare Commission Orders. Accordingly, pursuant to Labor Code Sections 218.5, 226, 558, 1194, and/or 1194.2, Plaintiff is entitled to recover damages for the nonpayment of wages in addition to penalties, reasonable attorneys' fees, expenses, and costs of suit. Plaintiff requests relief as set forth herein.

## COUNT THREE - VIOLATION OF CALIFORNIA LABOR LAW SECTION 203(A)

66. Plaintiff incorporates by reference the allegations contained in paragraphs 1-37 as if fully set out herein.

67. Plaintiff sets forth the allegations in this count in addition to and/or in the alternative to the allegations in the preceding counts.

68. Plaintiff was employed by Defendant as Defendant's senior vice president of global sales from November 21, 2022 through April 5, 2023.

69. On April 5, 2023, Defendant involuntarily terminated Plaintiff's employment without cause and/or Plaintiff quit his employment and/or Defendant and Plaintiff mutually agreed to conclude Plaintiff's employment.

70. Pursuant to California Labor Code Section 203(a), if an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 201.6, 201.8, 201.9, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

71. Plaintiff's unpaid salary, unpaid benefits, retention bonus, and unpaid reimbursable business expenses were due on April 5, 2023.

72. Plaintiff's unpaid salary, unpaid benefits, retention bonus, and unpaid reimbursable business expenses were earned as wages and therefore cannot be forfeited.

73. Plaintiff is entitled to recover his unpaid salary, unpaid benefits, retention bonus, and unpaid reimbursable business expenses.

74. Pursuant to California Labor Code Section 203(a) and 203(b), Defendant was required to pay Plaintiff in full immediately or within 72 hours of his termination on April 5, 2023.

75. Defendant is precluded from rescinding or declaring a "forfeiture" of Plaintiff's wages under California law.

76. As a result of Defendant's actions, Plaintiff sustained substantial damages, including but not limited to all damages that may be recovered pursuant to Section 203(a).

77. Plaintiff is entitled to recover compensation, plus reasonable attorneys' fees and costs of suit pursuant to Labor Code Section 218.5 and Section 226.

78. Defendant knowingly and willfully refused to perform its obligations to compensate Plaintiff for all wages earned and all hours worked. As a direct result,

Plaintiff has suffered, and continues to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and expenses and attorneys' fees in seeking to compel Defendant to fully perform its obligation under the law.

79. Defendant committed the acts alleged herein knowingly and willfully, with the wrongful and deliberate intention of injuring Plaintiff, with improper motives, malice, and in conscious disregard of Plaintiff 's rights. Plaintiff is thus entitled to recover nominal, actual, compensatory, and exemplary damages in amounts according to proof at time of trial.

80. Plaintiff also seeks to recover costs, expenses and reasonable attorneys' fees.

81. Defendant's conduct described herein violates, *inter alia,* Labor Code Sections 200, 226, 500, 1197 and/or 1198, and/or Industrial Welfare Commission Orders. Accordingly, pursuant to Labor Code Sections 218.5, 226, 558, 1194, and/or 1194.2, Plaintiff is entitled to recover damages for the nonpayment of wages in addition to penalties, reasonable attorneys' fees, expenses, and costs of suit. Plaintiff requests relief as set forth herein.

### COUNT FOUR -VIOLATION OF
### CALIFORNIA LABOR LAW SECTION 2802

82. Plaintiff incorporates by reference the allegations contained in paragraphs 1-37 as if fully set out herein.

83. California Labor Code section 2802 requires Defendant to indemnify its employees for all expenses that the employees necessarily expend as a direct result of discharge of their employment duties or at the direction of the employer.

84. Plaintiff was required to pay for certain expenses incurred in the discharge of his duties for Defendant, including use of his cellphone, remote internet service, and business networking platforms, to carry out his duties. These expenses were necessarily

incurred by Plaintiff in the discharge of his duties and in carrying out Defendant's principal business operations.

85. Plaintiff has incurred, and Defendant has refused to pay, the business expenses detailed herein in the amount of $9,119.

86. Defendant had a policy and practice of not reimbursing Plaintiff for expenses incurred in carrying out Defendant's business.

87. As a proximate result of Defendant's conduct, Plaintiff has suffered monetary loss and been deprived of his property in the form of unreimbursed expenses.

88. Therefore, Plaintiff is entitled to recover the costs of the business expenses and attorneys' fees, costs and interest pursuant to California Labor Code section 2802, subdivision (c), and 2699, for pursuit of this action.

## COUNT FIVE -VIOLATION OF CALIFORNIA LABOR LAW SECTIONS 202 AND 203 FOR WAITING TIME PENALTIES

89. Plaintiff incorporates by reference the allegations contained in paragraphs 1-37 as if fully set out herein.

90. Labor Code section 203 provides in pertinent part that if an employer willfully fails to pay, without abatement or reduction, in accordance with sections 201, 201.5, 202 and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than 30 days.

91. Pursuant to Labor Code section 202, upon his termination from Defendant, Plaintiff was due immediate payment of his wages. However, Plaintiff was not immediately paid all wages owed to him. These acts by Defendant constituted a violation of California's wage and hour laws.

92. Defendant's failure to pay all wages owed to Plaintiff violated the Labor Code, including but not limited to sections 202 and 203.

93. Labor Code section 200 defines "wages" as including all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece commission basis, or other method of calculation.

94. Accordingly, Plaintiff's wages include his salary, benefits, retention bonus, and reimbursable business expenses.

95. Plaintiff has been available and ready to receive wages owed to him, including salary, benefits, retention bonus, and reimbursable business expenses.

96. Plaintiff has never refused to receive any payment, nor has Plaintiff been absent from Defendant's regular places of business.

97. Defendant's failure to pay Plaintiff's wages due and owing to Plaintiff was willful because Defendant has failed to pay any portion of the amount due and owing Plaintiff. Defendant's conduct was willful because they had knowledge of the illegality of failing to immediately pay wages and have intentionally failed to make payment as required by law.

98. Plaintiff also requests all unpaid wages, waiting time penalties and interest. (Labor Code §§ 202, 203, 218.5, 218.6.). Plaintiff further requests civil penalties as provided for in Labor Code section 558.

99. As a direct and proximate result of Defendant's failure to provide the entitlements set forth above, Plaintiff has suffered lost wages and other benefits of employment.

### COUNT SIX- BREACH OF CONTRACT

100. Plaintiff incorporates by reference all the allegations in paragraphs 1-37 as if fully set out herein.

101. There exists a valid and binding contract between Plaintiff and Defendant, enforceable by Plaintiff against Defendant.

102. Plaintiff performed all his contractual obligations owed to Defendant.

103. Defendant breached the contract by failing to perform its contractual obligations. Defendant's breaches include, inter alia, failure to pay Plaintiff's salary, benefits, retention bonus, and reimbursable business expenses.

104. Plaintiff sustained damages as a result of Defendant's breaches of contract.

105. As a result of Defendant's breaches, Plaintiff has been damaged in the principal amount of at least $113,286.

106. Plaintiff's damages include $25,000 in March 2023 salary, $4,166 in prorated April 2023 salary through April 5, 2023, $75,000 in the unpaid retention bonus which was due on February 21, 2023 and $9,119 in unpaid reimbursable expenses.

107. Plaintiff sustained consequential damages in addition to incidental damages.

108. Plaintiff is entitled to recover its costs and prejudgment interest.

**WHEREFORE**, Plaintiff prays that this Court enter judgment in its favor and against Defendant, as alleged above, as follows:

A. A money judgment in an amount to be determined, in excess of $113,286;

B. Incidental damages in an amount to be determined;

C. Consequential damages in an amount to be determined;

D. Earned and unpaid wages, including but not salary, benefits, bonuses, and reimbursable business expenses;

E. Costs of suit, attorneys' fees, and expert witness fees pursuant to the Labor Code, and/or any other basis, including but not limited to Code of Civil Procedure Section 1021.5;

F. Waiting time penalties under Labor Code Section 203;

G. Court costs;

H.   Prejudgment Interest; and

I.   Such other and further relief as this Court deems just and proper in these circumstances.

          Respectfully submitted,

          CHASE LAW & ASSOCIATES, P.A.

By:   */s/ Kenneth E. Chase*
     Kenneth E. Chase (SBN 326307)
     Chase Law & Associates, P.A.
     1141 71st Street
     Miami Beach, FL 33141
     Tel: (305) 402-9800
     Fax: (305) 402-2725
     Email: kchase@chaselaw.com

*Counsel for Plaintiff Ross Hogan*